Dear Director Holyfield,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
1. Is the Council on Law Enforcement Education and Training("CLEET") a public educational institution within the meaning of51 O.S. 24A.16 (1988) of the Open Records Act?
 2. Is CLEET, upon request by a member of the public, requiredto provide a list of names and addresses of persons applying for,or holding, security guard, armed security guard, privateinvestigator, security agency or investigative agency licenses?
¶ 1 The Council on Law Enforcement Education and Training ("CLEET") is an entity of state government empowered with two general functions. First, CLEET oversees a program of advanced training and education for law enforcement officers in the state.70 O.S. 3311(B) (1988). In this capacity, CLEET promulgates rules and regulations on such matters as minimum courses of study that must be passed by law enforcement officers, testing and test scores, attendance requirements and instructor qualifications, and is required to coordinate its efforts with a larger Advisory Council to discuss problems concerning educational needs of officers. Id. Second, CLEET also acts as a licensing body charged with oversight of security guards, armed security guards, private investigators, security agencies and investigative agencies. 59 O.S. 1750.4 (1988).
¶ 2 CLEET is also a "public body" as that term is used in the Oklahoma Open Records Act, 51 O.S. 24A.1 (1988) et seq. See,51 O.S. 24A.3(2) (1988). As such, CLEET records must be made available as provided in the Open Records Act unless specifically required by law to be kept confidential or unless they fall within a specific exception to that Act. 51 O.S. 24A.5(1) (1988).
¶ 3 Your question is whether CLEET is a "public educational institution" within the meaning of 51 O.S. 24A.16 (1988). That provision recognizes the peculiar confidentiality needs of public educational institutions and provides, in pertinent part:
 A. Except as set forth in subsection B of this section, public educational institutions and their employees may keep confidential:
1. Individual student records;
 2. Teacher lesson plans, tests and other teaching material; and
 3. Personal communications concerning individual students.
¶ 4 Title 70 O.S. 3102(d) (1981) defines the term "state educational institution" as "any institution supported wholly or in part by direct legislative appropriations and offering courses of education of any kind beyond or in addition to the twelfth grade, or its equivalent, as such grade is generally understood and accepted in the public school system of Oklahoma, whether called a university, college, junior college, school or academy."
¶ 5 CLEET is supported by direct legislative appropriations. Okla. Sess. Laws 1987, c. 205, 38. CLEET offers courses in education beyond the twelfth grade. It conducts basic and advanced courses and seminars for Oklahoma police and peace officers. 70 O.S. 3311 (1988). No person is eligible to attend CLEET's basic police courses unless he or she has a high school diploma or GED equivalency certificate. 70 O.S. 3311(D)(1) (1988). Accordingly, we conclude that CLEET is a "state educational institution" as that term is defined in 70 O.S.3102(d) (1981).
¶ 6 A "state educational institution," in turn, is a "public" educational institution within the meaning of the Open Records Act, 51 O.S. 24A.3(2) (1988), and is also a public educational institution within the meaning of 51 O.S. 24A.16 (1988) of the Open Records Act. Accordingly, CLEET may keep confidential individual student records, teacher lesson plans, tests and other teaching material, and personal communications concerning individual students.
¶ 7 Your second question is whether CLEET, upon request by a member of the public, is required to provide a list of names and addresses of persons applying for or holding security guard, armed security guard, private investigator, security agency and investigative agency licenses.
¶ 8 As discussed above, the records of a public body must be available for inspection and copying unless the record is specifically required by law to be kept confidential. 51 O.S.24A.5(1) (1988). Thus, the Open Records Act incorporates the provisions of confidentiality statutes found elsewhere.
¶ 9 The Oklahoma Security Guard and Private Investigator Act,59 O.S. 1750.1 (1988) et seq., contains such a confidentiality statute:
 The Council on Law Enforcement Education and Training or its employees shall not disclose application information pertaining to persons licensed pursuant to this act, except:
 1. To verify the current license status of any applicant or licensee to the public;
2. To perform duties pursuant to this act;
3. To a bona fide law enforcement agency;
 4. To a licensing authority in another jurisdiction; or
5. As required by court order.
59 O.S. 1750.8(B) (1988). (Emphasis added.)
¶ 10 Names and addresses of persons applying for or holding a security guard, armed security guard, private investigator, security agency or investigative agency license (hereinafter referred to as "applicants or licensees") are clearly "application information." Absent a court order, therefore, CLEET is prohibited from disclosing such names and addresses except as necessary to verify the current license status of an applicant or licensee to the public. 59 O.S. 1750.8(B) (1988).
¶ 11 To make such verification, CLEET would necessarily have to disclose the name of the applicant or licensee, and the status of his or her application or license. Disclosure of an address is not necessary for such verification.
¶ 12 Accordingly, upon proper request by a member of the public for verification of the current license status of an applicant or licensee, CLEET must disclose the name and current license status of an applicant or licensee.
¶ 13 As a way of discharging its duty to verify current license status of applicants and licensees, CLEET may, but is not required to, maintain a suitable and accurate list of names of applicants and licensees, and the status of their applications or licenses. Such a list, if kept, may not include addresses or other application information.
¶ 14 If such a list of names and license status is kept, such a list becomes a public record and must be made available as provided in the Open Records Act. 51 O.S. 24A.5 (1988).
¶ 15 It is, therefore, the official opinion of the AttorneyGeneral that:
 1. The Council on Law Enforcement Education and Training("CLEET") is a public educational institution within the meaningof 51 O.S. 24A.16 (1988) of the Open Records Act.
 2. Absent a court order, CLEET is prohibited, by theprovisions of 59 O.S. 1750.8(B) (1988), from providing to thepublic a list of names and addresses of persons applying for, orholding, security guard, armed security guard, privateinvestigator, security agency or investigative agency licenses.
 Provided, however, CLEET, upon proper request by a member ofthe public, is required to verify the current license status ofsuch applicants and licensees. 59 O.S. 1750.8(B)(1) (1988).
 As a way of discharging its duty to verify such currentlicense status, CLEET may, but is not required to, maintain asuitable and accurate list of names and license status. Such alist, if maintained, may not include addresses or otherapplication information.
 If such a list is maintained, it is a public record and mustbe made available as provided in the Open Records Act. 51 O.S.24A.5 (1987).
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
JEFF MIXON ASSISTANT ATTORNEY GENERAL